UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON
CIVIL ACTION NO. 15-105-GFVT-JGW

DOUGLAS M. HODGE                                                                    PLAINTIFF

V.

KEN CASTEEL                                                                          DEFENDANT

### REPORT AND RECOMMENDATION

Plaintiff, Douglas M. Hodge, who is proceeding pro se, filed this prisoner civil rights action on June 17, 2015 against various officials at the Harlan County Detention Center. On May 20, 2016 Judge Gregory VanTatenhove dismissed all claims against defendants B.J. Burkhart, Dan Howard, and Derek Moore.  The only remaining claim is Hodge's Eighth Amendment claims alleging the use of excessive force and the failure to stop the use of force by another inmate, as well as Hodge's pendant state/common law claims alleging assault, failure to intervene in a crime, and failure to report a crime, against Defendant Ken Casteel in his individual capacity.  Defendant Ken Casteel filed his answer on June 20, 2016.

On August 3, 2016 the Court granted plaintiff an extension of time until September 2, 2016 to respond to outstanding discovery requests from the defendant but the plaintiff has failed to answer the requests which are now more than 90 days overdue.  Defendant filed a motion to compel and the Court ordered the plaintiff to show cause by November 28, 2016 why sanctions should not be imposed for his failure to comply with the August 3, 2016 order of the Court. The plaintiff was also advised that failure to comply may result in dismissal of this action. (Doc. 33).

Fed.R.Civ.P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  Plaintiff's pro se status does

not eliminate the Court's right to sua sponte dismiss this action for his failure to comply with the Court's straightforward order. *Id.* Despite being warned that dismissal was likely if he failed to comply with the August 3, 2016 order, plaintiff took no discernible action in response to the Court's order. Plaintiff's silence is prima facie evidence of bad faith/recklessness/indifference to the timely resolution of this action. Accordingly, this case should be dismissed.

**IT IS RECOMMENDED** that Plaintiff's 42 U.S.C. §1983 civil rights complaint be **dismissed**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This 9th day of December, 2016.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge